J-S11004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN FOSTER, | |
| Appellant | No. 1811 WDA 2015 |

Appeal from the Judgment of Sentence October 19, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005406-2011

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 31, 2017**

Appellant, Kevin Foster, appeals from the judgment of sentence entered on October 19, 2015.  We affirm.

On June 9, 2011, the Commonwealth charged Appellant with one count each of possession of child pornography, criminal conspiracy, and criminal use of a communication facility.  Commonwealth's Information, 6/9/11, at 1.  On January 3, 2012, Appellant entered a negotiated guilty plea to one count of "obscene and other sexual materials and performances."  18 Pa.C.S.A. § 5903(a)(1).  In exchange, the Commonwealth agreed to:  withdraw the criminal conspiracy and criminal use of a communication facility charges; reduce the possession of child pornography charge to the "obscene and other sexual materials and performances" charge; and, recommend a sentence of two to six months in

---

*Former Justice specially assigned to the Superior Court.

jail, with a concurrent term of five years of probation.  N.T. Guilty Plea and Sentencing Hearing, 1/3/12, at 2-3.  As the trial court explained:

> Since the onset of Appellant's supervision in Sex Offender Court, he has refused to comply with the conditions set forth.  In July 2012, Appellant failed to report to probation as directed.  After Appellant's failure to report, the probation officer conducted a field visit and observed several empty liquor bottles and empty beer cans in Appellant's apartment.  A week prior to the field visit, Appellant missed his sex offender treatment appointment. . . .
>
> Appellant was [then] charged with several thefts[,] which were reduced to summar[y offenses,] for which Appellant served three [90-day] sentences of incarceration.  On May 6, 2013, Appellant appeared before th[e trial] court for a **Gagnon II**[1] hearing.  Th[e trial] court found that Appellant violated the terms of his probation by pleading to the summar[y offenses].  Th[e trial] court imposed a [30-day] sanction and gave [Appellant] credit for time served. . . .
>
> On November 4, 2013, Appellant appeared before th[e trial] court and was only partially compliant because he was not attending sex offender treatment as required.  On October 19, 2015, once again Appellant was found to have violated probation, this time as a result of his convictions [for] one count of possession of child pornography at CC 201415348; three counts each of burglary and receiving stolen property at CC 201410722; one count each of burglary and receiving stolen property at CC 201410711[; and,] one count of criminal conspiracy at CC 201410712.

Trial Court Opinion, 6/24/16, at 5-6 (internal citations and some internal capitalization omitted).

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

During Appellant's October 19, 2015 probation violation hearing, Appellant waived a pre-sentence report and orally informed the trial court of the mitigating circumstances in his favor. *See* N.T. Probation Violation and Sentencing Hearing, 10/19/15, at 2. As Appellant's attorney argued:

> [Your Honor, y]ou're aware of [Appellant] . . . as you were his Juvenile Court judge as well. . . .
>
> You're aware of his mental health issues, mood disorder, bipolar. You're[] also – I believe you're aware that he had a [Justice Related Services ("JRS")] plan in place, had it been your decision or Judge Cashman's decision not to sentence him, but to allow him to remain in the community with the JRS plan.
>
> He reported to me that he is taking a different medication up at the SCI Camp Hill. He is taking Prozac instead of Zyprexa; and he is doing well on it. It's helping him.

*Id.* at 12.

Appellant then informed the trial court:

> I'm in communication with my family now. I got that relationship patched up. They're supporting me. I've . . . always had mental health problems. I've never taken medicine. I been told I'm on a good regimen, doing everything I'm told to do, and it's helping. I think I got my mind in the right place; and I've talked to a few people that have done Boot Camp. They said it would help.

*Id.* at 14.

After being informed of these circumstances, the trial court revoked Appellant's probation and re-sentenced Appellant to serve a term of 24 to 48 months in prison for the underlying "obscene and other sexual materials and performances" conviction. *Id.* at 15. Further, the trial court ordered that

Appellant serve the sentence consecutively to his sentence at CC 201415348, which he was serving for possession of child pornography. *Id.*

On October 29, 2015, Appellant filed a timely motion to modify his sentence. *See* Pa.R.Crim.P. 708(E) ("[a] motion to modify a sentence imposed after a revocation [of probation] shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period"). Within Appellant's motion to modify, Appellant claimed that the trial court "failed to consider the relevant sentencing criteria, including the protection of the public, the gravity of the underlying offenses and violations, and the character, personal history, and rehabilitative needs of [Appellant], as required by 42 Pa.C.S.A. § 9721(b)." Appellant's Motion to Modify, 10/29/15, at 3. Specifically, Appellant claimed that the trial court "failed to consider" the following circumstances: 1) Appellant "is a young man (25 years old), and, therefore, he can still very much become a law-abiding, productive member of society;" 2) Appellant "accepted responsibility for his actions, and entered pleas of guilty in his new cases;" 3) Appellant "was deemed eligible for Boot Camp" at the cases; 4) Appellant "has a long and difficult history of mental illness, including being alternatively diagnosed with [bipolar] disorder, mood disorder, and depression[; b]ut since his arrival at SCI Camp Hill, [Appellant] has been taking Prozac, which has tremendously helped to stabilize his mental health condition;" 5) Appellant "has a forensic plan . . . which will offer him supportive services upon his release to the community;" and, 6) Appellant

- 4 -

has "improved his relationships with his family members, which he indicated are now positive and supportive." ***Id.*** at 3-4.  Further, Appellant claimed that the trial court erred in ordering that he serve his current sentence consecutive to that which was imposed for his possession of child pornography conviction.  With respect to this claim, Appellant contended that the trial court "failed to consider [Appellant's] rehabilitative needs and other required mitigating factors in fashioning his sentence, and [Appellant] was deemed eligible for Boot Camp at both" docket numbers.  ***Id.*** at 4.

The trial court denied Appellant's motion to modify and, on November 18, 2015, Appellant filed a timely notice of appeal.  Appellant raises two claims on appeal:

> 1) Is the revocation sentence of [two to four] years of incarceration for a probation violation manifestly excessive and an abuse of the trial court's discretion in that the trial court failed to consider all required sentencing factors set forth in the Sentencing Code, specifically 42 Pa.C.S.A. § 9721(b), including the young age of [Appellant], his difficult history with mental illness, his forensic plan with justice related services, and his improved support from his family?
>
> 2) Is the revocation sentence manifestly excessive, unreasonable, and an abuse of discretion where the trial court ordered the sentence to be served consecutively to [Appellant's] sentence at CC 201415438, because the combined sentence of 45 to 90 months of incarceration, followed by five years of probation, fails to account for various mitigating factors under 42 Pa.C.S.A. § 9721(b) and the fact that [Appellant] had initially been designated to be Boot Camp eligible?

Appellant's Brief at 5 (some internal capitalization omitted).

Both of Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa. Super. 2010) (claim that the trial court erred in imposing consecutive sentences is a challenge to the discretionary aspects of a sentence).

We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief

has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Cartrette*, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

As our Supreme Court has held, the determination of whether a substantial question exists must be done prior to – and be divorced from – the determination of the potential merits of an issue. *Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987). If it were otherwise, a challenger would "in effect obtain[] an appeal as of right from the discretionary aspects of a sentence" – a result that would violate statutory law. *Id*.

First, Appellant claims that the trial court "failed to consider [his] personal history, character[,] and rehabilitative needs." *See* Appellant's Brief at 13.

Generally, for an appellant to raise a substantial question that his sentence is inappropriate under the Sentencing Code, an appellant must

- 7 -

"advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa.Code § 303.1(b); ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

As this Court has held, a claim that the sentencing court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, does raise a substantial question under the Sentencing Code. ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2013) (a claim

that the trial court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, raised a substantial question); ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa. Super. 2013) (*en banc*) ("we find that Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its [consecutive, standard range] sentence presents a substantial question for our review").  Therefore, we may reach the merits of Appellant's claim that, at sentencing, the trial court "failed to consider the personal history, character[,] and rehabilitative needs" of Appellant.

In the argument section of Appellant's brief, Appellant merely argues that the trial court "failed to consider" certain, specific mitigating circumstances.  According to Appellant, these mitigating circumstances are: "the young age of [Appellant], his difficult history with mental illness, his forensic plan with justice related services, and his improved support from his family." ***See*** Appellant's Brief at 16-23.

Appellant's claim on appeal fails because, during the probation violation and sentencing hearing, Appellant specifically informed the trial court of every single mitigating circumstance he currently claims the trial court "failed to consider." ***See*** N.T. Probation Violation and Sentencing Hearing, 10/19/15, at 12-14.  Therefore, the trial court was undoubtedly aware of the mitigating factors Appellant currently cites to this Court; and,

- 9 -

since the trial court was aware of the mitigating factors, we must "assume the sentencing court . . . weighed those considerations along with [any other] mitigating statutory factors" when the trial court fashioned Appellant's sentence. *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (internal quotations and citations omitted). Appellant's claim on appeal thus fails.

Second, Appellant claims that the trial court erred when it imposed a consecutive, as opposed to a concurrent, sentence. This issue does not present a substantial question under the Sentencing Code. As this Court has held:

> the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why a defendant should be afforded a volume discount for his crimes by having all sentences run concurrently.
>
> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

*Commonwealth v. Zirkle*, 107 A.3d 127, 133-134 (Pa. Super. 2014) (internal quotations, citations, and corrections omitted).

- 10 -

In this case, Appellant received a sentence of 24 to 48 months in prison, to be served consecutively to his sentence of 21 to 42 months' imprisonment at CC 201415438. This aggregate sentence of 45 to 90 months' imprisonment does not "appear[ on] its face to be[] an excessive level in light of the criminal conduct in this case." *Id.* Therefore, we may not reach the merits of Appellant's second claim on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2017